IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                         ORDER

       v.                                              08-CR-020-C

ANDREW JAMES LARSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Andrew James Larson's supervised release was held on October 3, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Daniel J. Graber, Assistant United States Attorney for the Western District of Wisconsin. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior United States Probation Officer Michael D. Harper.

From the record and defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the United States District Court for the Southern District of California on October 2, 2006, after he had been convicted of bringing in illegal aliens without presentation and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. This is a Class C felony. He was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 12 months, with a 36-month term of supervised release to follow. Defendant began his term of supervised release on June 12, 2007. On January 30, 2008, jurisdiction over his supervision was transferred to the Western District of Wisconsin.

On February 1, 2008, defendant violated the standard condition of supervision that requires him to notify the probation officer at least ten days before a change in residence, when he moved and failed to notify the probation officer of his new address.

On April 2, 2008, defendant violated the special condition that requires him to participate in a program of mental health treatment as directed by the probation officer, by failing to complete a gambling assessment.

On April 11, 2008, defendant violated the standard condition that prohibits him from leaving this judicial district without the permission of the court or the probation officer, when he traveled to the Treasure Island Casino in Welch, Minnesota.

On April 14, 2008, defendant violated the statutory condition that prohibits him from committing another federal, state, or local crime, when he committed a burglary.

Defendant's conduct falls into the category of a Grade A violation. Upon finding a Grade A violation, the court shall revoke supervised release, as defined by §7B1.3(a)(1) of the sentencing guidelines policy statement for violations of supervised release.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of

2

supervised release imposed on defendant on October 2, 2006, will be revoked.

Defendant's criminal history category is I. With a Grade A violation and a criminal history category of I, defendant has an advisory guideline range of imprisonment of 12 to 18 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence near the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the public from future criminal acts.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 2, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 16 months. No supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 3rd day of October 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge